UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA, LAS VEGAS DIVISION

| | |
|---|---|
| VEG FRESH FARMS, LLC., a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PAULMAR, LLC, a limited liability company d/b/a PARADISE PRODUCE, a/t/a PARADISE PRODUCE, LLC; MICHAEL K. ROSENBLUM, an individual; WILLIAM H. ROSENBLUM, an individual; and EUGENE J. HICKEY, an individual,<br><br>Defendants. | CASE NO. 2:17-cv-2761<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Upon review of the Complaint of Plaintiff VEG FRESH FARMS, LLC ("Plaintiff"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause,

IT IS HEREBY ORDERED that Defendant PAULMAR, LLC, a limited liability company d/b/a PARADISE PRODUCE, a/t/a PARADISE PRODUCE, LLC ("Defendant") appear in Courtroom 6A of the U.S. District Court for the District of Nevada, 333 Las

1

Vegas Blvd., South Las Vegas, NV 89101, on November 17, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard, then and there to show cause, if any it has, why it, its agents, bankers, subsidiaries, successors, assignees, principals, employees, officers, directors, shareholders, attorneys, and representatives should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

    A.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

    B.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, *et seq.*];

    C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

    IT IS FURTHER ORDERED that Defendant and its owners, officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $41,026.70, in PACA Trust principal owing to Plaintiff.

    IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants and its officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act

[7 U.S.C. §499e, *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendant's banking accounts, including but not limited to Defendants accounts held at US Bank, account number xxxxxxxx7176, or any other banking account standing in Defendant's name or for its benefit.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendant and its owners, officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

F. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that in the event Defendant lacks sufficient funds to promptly deposit the sums described above, Defendant shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendant's business through the date of this Order.

H. Endorse any checks made, endorsed or paid, wire transfers, and cash receipts to Defendant which are trust assets and which are in their possession or obtainable by Defendant at the time of the entry of this Order, or which Defendant

obtains or which become obtainable by Defendant after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendant shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendant at the time of the entry of this order, or which Defendant obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

    I.    Deposit all checks, wire transfers and cash receipts received after the issuance of the order with the court or in US Bank, which shall be frozen until there is sufficient assets set aside to pay Plaintiff in the amount of $41,026.70.

    J.    File weekly with this Court satisfactory evidence of compliance with the terms of this Order

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have upon two weeks notice to Defendant, full and complete and continuing access to all of Defendant's books and records, which shall include but not necessarily be limited to, Defendant's accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendant's business and financial status from commencement of Defendant's business activities forward for the purposes of verifying Defendant's accountings required by this Order and for enforcement of this Order. Defendant shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendant by Plaintiff or its representatives at Defendant's place of business. Defendant will be required to report to the Court and to Plaintiff's counsel on a weekly basis to the amount and status of its receivables and payments received.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice,

Defendant and/or Defendants' principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendant's business assets, and/or Defendant's business practices, procedures or operations from commencement of Defendant's business activities.

IT IS FURTHER ORDERED that US Bank release information to Plaintiff's counsel about the above-described accounts, including the amounts contained in the accounts, in confidence and only to the extent necessary to verify compliance with the terms of this Order.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before the Temporary Restraining Order is effective.

IT IS FURTHER ORDERED that Plaintiff shall serve Defendant with copies of this Order and all pleadings and other papers in support of the Order on or before November 6, 2017 by Federal Express with verification of receipt. Defendant shall file an Opposition, if any, to the Order to Show Cause on or before 4:00 pm on November 9, 2017, and shall personally serve Plaintiff's counsel with a copy of said Opposition by said deadline. Plaintiff shall file and serve a Reply to Defendant's Opposition, if any, on or before 4:00 pm on November 14, 2017.

DATED November 3, 2017 at 11:10 a.m.

_____
U.S. DISTRICT COURT JUDGE

5